# D. G. A. RAILSBACK *et al.*

## *v.*

## WILLIAM B. LOVEJOY *et al.*

*Filed at Springfield March 27, 1886.*

1.  JUDICIAL SALE—*variance between judgment and execution—effect collaterally—obviated by proof aliunde.* Where it is made satisfactorily to appear that an execution under which land is sold, issued on the proper judgment, a variance between it and the judgment, which, from the character of it, is necessarily a merely clerical error, can not be taken advantage of in a collateral proceeding.

2.  An execution issued upon a judgment of the circuit court omitted the name of one of the plaintiffs mentioned in the judgment, they having sued as partners, but the evidence *aliunde* was clear and satisfactory that there was but one judgment in that court in favor of the firm and against the defendant in the execution, and it corresponded precisely with the judgment, as to the amount recovered, the date of recovery, and the costs: *Held,* that this evidence established conclusively, notwithstanding the variance, that the execution was issued on the proper judgment, and obviated the apparent variance.

3.  PARTNERSHIP *lands held in the name of one partner—in trust for the benefit of the firm.* Where the legal title of land acquired by a firm is taken in the name of one partner, he will hold the same in trust for the interest of the several members of the partnership, on final settlement of the partnership affairs. The interest of each partner will be for whatever claim he may have against the firm upon a final accounting, and after the payment of its debts and the claims of his co-partners.

4.  PARTIES—*in partition—in respect to partnership lands—as to a partner not holding the legal title.* Where an undivided interest in land is sold under a judgment and execution in favor of a firm consisting of several partners, to one of the partners, to whom the sheriff's deed is made, he will hold the legal title in trust for the firm, and another partner not having the legal title will not be a necessary party to a proceeding for a partition as between the firm and the holders of the other interest. He will be fully represented by the partner having the legal title.

5.  WILL—*vested estate in remainder, subject to a power of sale—rights of creditors of remainder-man.* A testator devised his land to his widow for life, with remainder to his seven children, and authorized the executor, with the concurrence of the widow, to sell the land, in which event she was to have the interest on the purchase money for life, and upon her death the money was to be divided among the children, according to their respective

interests in the land. During the·lifetime of the widow, the interest of one of the devisees in remainder was sold under execution against him, and sheriff's deed made to the purchaser. No sale of the land was made by the executor during the life of the widow: *Held,* that the devisees took a vested estate in remainder, under the will, subject to the power of sale, and that the rights of such devisee passed under the sheriff's deed.

6. In such case, if the executor, with the concurrence of the widow, had sold the land after the sheriff's deed, the title would have passed, and the grantee in the sheriff's deed would have been entitled to one-seventh part of the purchase money upon the death of the widow.

· APPEAL from the Circuit Court of Tazewell county; the Hon. N. W. GREEN, Judge, presiding.

Mr. WILLIAM DON MAUS, for the appellants:

A vested remainder is one by which a present interest passes to a party, though to be enjoyed in the future, and by which the estate is invariably fixed to remain to a determinate person after the particular estate has been spent. 2 Blackstone's Com. 169.

A contingent remainder is one limited to take effect on an event or condition which may never happen or be performed, by which no present or particular interest passes to the remainder-man, so that the particular estate may chance to be determined and the remainder never take effect. 2 Blackstone's Com. 169.

A contingent and uncertain estate in lands can not be sold on execution at law, nor can the naked legal title held in trust be so sold. *Baker* v. *Copenbarger,* 15 Ill. 103.

If the purchaser under execution seeks to recover an equitable interest in the land sold, he must show that defendant in execution, at the time of the levy and sale, had such an equitable title as could have been enforced by himself. *Hatch* v. *Wagner,* 15 Ill. 127.

A substantial variance between the execution and the judgment offered in evidence renders the execution void. Herman on Executions, p. 51, par. 65; *Brinton* v. *Gerry,* 7 Bradw. 238.

When the judgment creditor purchases at the sale under his own execution, he is not an innocent purchaser. *Bybee* v. *Ashby,* 2 Gilm. 151.

A sheriff's deed to a stranger to a sale is a nullity. *Davis* v. *McVickers,* 11 Ill. 327; *McClure* v. *Engelhardt,* 17 id. 47; *Dickerman* v. *Burgess,* 20 id. 266; *Johnson* v. *Adleman,* 35 id. 265; *Carpenter* v. *Sherfy,* 71 id. 427.

The sheriff's deed must be supported by the judgment and execution, and the return thereon. *Johnson* v. *Adleman,* 35 Ill. 265.

It is a rule in equity pleading that all persons who have any substantial, legal or beneficial interest in the subject matter of litigation, and who will be materially affected by the decree which may be pronounced, must be made parties. (*Greenup* v. *Parker,* 3 Scam. 64; *Atkins* v. *Billings,* 72 Ill. 597.) And it is error to render a decree affecting the interests of persons who are not made parties to the suit in which it is entered. *Pratt* v. *Pratt,* 96 Ill. 184.

The failure to bring in a necessary party goes to the foundation of the whole proceeding, and may be taken as an objection at the hearing in error or on an appeal. *Lynch* v. *Rotan,* 39 Ill. 14; *Hoade* v. *Harris,* 11 id. 24; *Hassett* v. *Ridgely,* 49 id. 197; *Alexander* v. *Hoffman,* 70 id. 114.

The rule is rigidly enforced where titles may be divested. *Smith* v. *Rotan,* 44 Ill. 506; Story's Eq. Pl. par. 72; Hill on Trustees, 519; 2 Johns. Ch. 239.


Mr. B. S. PRETTYMAN, for the appellees:

The devise in the will was absolute, with a power in the widow and executors jointly to defeat it, contingent on the exercise of the power in the manner required by the will. The power was never exercised, and left the title vested for life in the widow, and the remainder to the seven children. *Gilman* v. *Bell,* 99 Ill. 149.

The question of vesting or remaining contingent, depends upon the condition of the intervening estate determining, and the estate over taking effect, is one that must happen some time, or may never happen. If the former, then the estate in remainder will always be regarded as vested. *Hunt* v. *McCartney,* 18 Ill. 129; *Gill* v. *Manufacturing Co.* 92 id. 254; 2 Redfield on Wills, 215-217; 2 Jarman on Wills, 406.

A vested remainder in real estate is subject to levy and sale under execution. *Hayes* v. *Bernard,* 38 Ill. 301.

The misrecital of the date of the judgment in the deed, as, in 1870, instead of 1871, is a mere clerical error, and does not vitiate the deed or the title of appellees. *Phillips* v. *Coffee,* 17 Ill. 156; *Lumis* v. *Riley,* 24 id. 309; *Jackson* v. *Streeter,* 5 Cow. 529; *Jackson* v *Withrell,* 9 id. 182; *Chicago Dock and Canal Co.* v. *Kinzie,* 93 Ill. 432.

Mere clerical errors may be shown and explained by other evidence, and a stranger to a sale under execution can not collaterally question the regularity of the process. *Durham* v. *Heaton,* 28 Ill. 264; *Johnson* v. *Adleman,* 35 id. 281; *McClure* v. *Engelhardt,* 17 id. 50; *Kinney* v. *Knoebel,* 47 id. 421; *Keith* v. *Keith,* 104 id. 401; *Newman* v. *Willetts,* 60 id. 520.

A clerical mistake will not be regarded by a court of equity in adjusting legal or equitable titles or rights, and mistakes do not change the rights of parties in a proceeding. *Stow* v. *Steel,* 45 Ill. 333.

Appellants can not complain of errors which do not affect them injuriously. Rev. Stat. chap. 110, secs. 35, 36; *Scoville* v. *Hilliard,* 48 Ill. 455.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

We perceive no difficulty in the questions presented by this record. The appellees, claiming to be the owners in fee of an undivided seventh part of the land in controversy, on the 15th day of April, 1885, filed a bill against the appellants in

the Tazewell circuit court, praying for a partition of the same.
The parties all claim through Thomas F. Railsback, who died
testate on the 24th of May, 1884. By his last will and testa-
ment he gave the land in question, which constituted the
homestead premises, to his widow, Louisa V. Railsback, dur-
ing her natural life, with remainder to his six children and
two grand-children, the latter to take the share of their mother,
a deceased daughter of the testator. The will also authorized
the executors, with the concurrence of the widow, to sell the
land for money, in which event the interest thereon was to
be paid the widow during her life, and the principal, upon
her decease, was to be divided among the children and grand-
children, according to their respective interests in the land.
The widow died in 1884, no sale of the premises having ever
been made under the power in the will. Prior to her death,
however, the appellees obtained a judgment against Ben. T.
Railsback, one of the testator's children, and devisee under
the will, which became a lien upon his interest in the land.
An execution was sued out upon the judgment and served on
said interest. After due notice, the same was sold by the
sheriff under the execution, and bid off by the appellees, who
subsequently received a sheriff's deed therefor.

The suit in which the judgment at law was obtained was
brought by Wm. B. Lovejoy & Co., and it appears from the
judgment itself that the firm consisted not only of appellees,
but also of one *Albert P. Lovejoy.* It appears, however, from
the execution docket, that appellees alone constituted the firm.
This being so, the point is made that the execution appears
to have been issued on a different judgment from the one
relied on to support the execution sale and sheriff's deed,
through which appellees claim. There was evidence *aliunde,*
showing beyond all question that there was but one judgment
in the Tazewell circuit court in favor of Wm. B. Lovejoy &
Co. and against the said Ben. T. Railsback. The execution
and judgment docket both show that this judgment was for

$659.30, and costs taxed at $14, and that it was recovered on the 7th day of February, 1871. This, in connection with the positive proof that there was but one judgment in the court on which the execution could have issued, establishes conclusively that notwithstanding the variance the execution was issued on the proper judgment, and it is well settled by the decisions of this court that when this is made to appear, such a variance, being necessarily a merely clerical error, can not be taken advantage of in a collateral proceeding, as is sought to be done here. *Durham* v. *Heaton,* 28 Ill. 264; *Johnson* v. *Adleman,* 35 id. 281; *McClure* v. *Engelhardt,* 17 id. 50; *Kinney* v. *Knoebel,* 47 id. 421; *Keith* v. *Keith,* 104 id. 401. This is especially true in equitable proceedings. *Stow* v. *Steel,* 45 Ill. 333.

It is next urged, that inasmuch as *Albert P.* Lovejoy was a member of the firm of Wm. B. Lovejoy & Co., he is necessarily interested in the property sought to be partitioned, and is therefore a necessary party to the suit. It is to be observed in the first place, that this one-seventh interest in the land, when conveyed by the sheriff, became a part of the partnership assets of the firm of Wm. B. Lovejoy & Co., but the legal title thereof, by virtue of the sheriff's deed, vested in William B. Lovejoy alone. This transaction occurred nearly fifteen years ago, and as he does not join in the suit, he may have retired from the firm altogether, upon a final accounting and settlement between the partners, by the terms of which he may have ceased to have any further interest in the partnership effects.

But conceding Albert P. Lovejoy still has an equity, of which there is no proof other than afforded by the original sale and sheriff's deed, it is not perceived how his equity can be injuriously affected by the present decree. Assuming there will be a division of the land itself, the only difference in his present and former relation to this seventh interest is, that by virtue of the decree it will be set apart from the balance of the

land, and when so set apart, the legal title thereto, instead of being vested, as before, in William B. Lovejoy alone, will then be held by appellees for the use of the partnership, which, of course, will include any claim Albert P. Lovejoy, as partner, may have against it upon a final accounting between the partners. His interest, in that case, might equal its entire value, or it might amount to nothing at all, depending upon the firm's liabilities to outside creditors and the state of the accounts between the partners themselves. In short, we are of opinion that whatever interest Albert P. Lovejoy had in the land, it was fully represented by William B. Lovejoy, who, as we have seen, alone held the legal title. (1 Washburn on Real Prop. 667.) As to appellants, they have no concern whatever as to how this matter shall be settled between the partners.

It is further contended by appellants, that by reason of the power of sale in the will, which might have been exercised after the execution of the deed by the sheriff, the children, including the defendants in the execution, had a contingent remainder only, and that consequently nothing passed by the sheriff's deed. This view is clearly unsound. The power had nothing whatever to do with the vesting of the estate. It is obvious the estate vested in the children upon the testator's death, subject to the power. Had the executor, with the concurrence of the widow, seen proper to sell the land after the sheriff's sale, they might well have done so and made a good title to the property. The appellees, however, in that case would have been entitled to one-seventh part of the purchase money upon the death of the widow. With respect to the proceeds, their rights would have been precisely the same as the child's whose interest they purchased would have been had the execution sale never occurred.

The decree will be affirmed.

*Decree affirmed.*