R. H. AUSTIN *et al.*

*v.*

WILLIAM P. BRUNER *et al.*

*Opinion filed November 8, 1897.*

1. CREDITOR'S BILL—*creditor's claim must have been reduced to judgment.* To maintain a bill in equity to set aside a conveyance of property alleged to have been made to defraud creditors the complainant must have first established his debt by the judgment of a court of competent jurisdiction.

2. SAME—*what will not excuse a creditor from obtaining judgment.* Neither the fact of the debtor's insolvency nor the danger of a transfer of the property from his grantee to an innocent purchaser will excuse a creditor from reducing his claim to judgment before filing his bill to set aside the conveyance of the property as in fraud of creditors.

3. SAME—*filing claim with assignee not a compliance with rule requiring creditor to obtain judgment.* Filing a claim with the debtor's assignee in insolvency is not a compliance with the rule requiring the creditor to reduce his claim to judgment before resorting to equity to set aside a fraudulent conveyance, where the bill to set aside such conveyance is filed before the expiration of the time allowed by statute for filing exceptions to the creditor's claim.

*Austin* v. *Bruner,* 65 Ill. App. 301, affirmed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Massac county; the Hon. A. K. VICKERS, Judge, presiding.

JAMES C. COURTNEY, for plaintiffs in error.

C. L. V. MULKEY, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

A bill in equity was filed by the plaintiffs in error, against the defendants in error, for the purpose of setting aside a deed from William P. Bruner to Maria M. Lafont, alleged to have been made in contemplation of insolvency, for the purpose of hindering and delaying creditors. The defendant Bruner and one Brown were

partners in the banking business, and the complainants were several of their creditors, who joined in bringing this suit. A general assignment had been made, under the statute, for the benefit of creditors, and the claims of the complainants had been duly presented to the assignee, but the time for filing exceptions thereto had not yet expired when this suit was brought. It is alleged in the bill as an excuse for not obtaining judgment that the debtors were utterly insolvent, and therefore to obtain judgment would be unavailing, and that if these creditors were compelled to resort to a court of law the defendant grantee could transfer the property in question to an innocent purchaser for value, and thus defeat them. On general demurrer the bill was dismissed for want of equity. An appeal was taken to the Appellate Court for the Fourth District, where the judgment was affirmed. The record is now brought before us on a writ of error.

The question which presents itself at the outset of the consideration of this case is the necessity of alleging that the creditors had prosecuted their claims to judgment. The rule is not and cannot be controverted, that in order to sustain a bill in equity to set aside a fraudulent conveyance the creditor must show that he has already established his debt by the judgment of some court of competent jurisdiction. The reasons assigned for holding this rule may not always have been uniform, but in this State it is established by an unbroken line of authorities that such is the law. It is true, also, that there are exceptions to the rule. This case, it is claimed, comes within the exceptions, and the exceptional features relied on to take it out of the operation of the rule are two, viz.: First, that if the complainants had to resort to a court of law, Maria Lafont, the grantee, would in the meantime put the property out of her hands and into the hands of an innocent purchaser for value, and thereby defeat the collection of the debt; and second, that the debtor has made an assignment and is insolvent, and

therefore to obtain a judgment is a useless formality. Neither of these grounds is sufficient. The cases of *Dormueil* v. *Ward*, 108 Ill. 216, and *Shufeldt* v. *Boehm*, 96 id. 560, are in point on these propositions, and hold them adversely to the contention of the plaintiffs in error. There is a well recognized exception in the case of a claim against the estate of a deceased insolvent debtor. But that is not the case at bar. There are exceptions, also, in some cases where it is impossible to obtain a judgment; but neither the mere insolvency of the debtor nor the danger of a transfer of the property to an innocent purchaser has ever been held in this State to excuse the obtaining of a judgment.

Then the further question is presented whether the filing of their claims by these creditors with the assignee was not a compliance with the rule requiring a judgment to be first obtained. The statute with reference to voluntary assignments by insolvent debtors for the benefit of creditors provides, that after due notice has been given by the assignee the creditor shall file his claim, duly verified, with the assignee within three months, and that at the expiration of that time a list of all claims shall be presented by the assignee to the court, and within the next thirty days thereafter any person interested may file exceptions, and in case exceptions are filed, that at the next term the court shall hear the matter and render judgment. On the claims so presented, or so allowed on adjudication, dividends are made and the assets distributed. In this case it appears from the record that the deed of assignment was filed and recorded on June 13, 1895, and the bill was filed July 8, 1895. Therefore, if the filing with the assignee of a claim, to which no exceptions were filed within the time allowed, could be said to constitute an adjudication of the claim, yet that could not avail the complainants, because their bill was filed before that time. The adjudication certainly could not be said to become effectual until the expiration of the

time for filing exceptions. If the complainants, by force of the law, become judgment creditors, their status as such is not established by the mere filing of the claim. The further condition also would be required, viz., that no exception has been filed and that the time for filing exception has elapsed.

The trial court committed no error in sustaining the demurrer, and its judgment is affirmed, as is that also of the Appellate Court.                    *Judgment affirmed.*