Katherine Powers Wickiser, Appellee, v. William C. Powers et al., Appellants.

Gen. No. 9,437.

Opinion filed October 26, 1944.
Released for publication November 21, 1944.

U. G. WARD, of Shelbyville, for appellants.

HARRY I. HANNAH and THOMAS R. FIGENBAUM, both of Mattoon, for appellee.

MR. JUSTICE RIESS delivered the opinion of the court.

Defendants appellants, Pearl A. Dole and Horace J. Dole, have perfected an appeal to this court from an adverse decree entered against the appellants and other defendants by the circuit court of Coles county, Illinois, on December 10, 1943, setting aside as fraudulent, a certain executor's deed and granting further equitable relief prayed for in an amended complaint in the nature of a creditor's bill filed by plaintiff appellee, Katherine Powers Wickiser, on May 17, 1943.

The plaintiff had procured a divorce from a codefendant, William C. Powers, in the city court of the city of Mattoon, Illinois, on May 4, 1928, with an order for the custody of their two minor children and a decree for monthly payments by the defendant toward their support. On August 29, 1940, the defendant was in default in having failed to make the payments. Plaintiff thereupon filed a petition in said cause seeking both legal and equitable relief, praying entry of a judgment against defendant Powers for the amount of alimony so in arrears and also praying that he be enjoined from conveying, transferring or incumbering his interest in Lots 10 and 11 in Block 98, Noyes Addition to said city of Mattoon, or any other property, real or personal, acquired by him as heir, devisee or legatee in the estate of his deceased mother, Stella B. Powers, who had died testate in said county on August 12, 1940. An order for a temporary writ of injunction was granted and the writ was issued upon plaintiff's verified petition, without notice or bond, and was served upon defendant Powers on August 30, 1940. Later, on October 7, 1940, defendant Powers, by his attorney, entered his limited appearance in said cause

denying the jurisdiction of the city court over the person of the defendant and asking that the writ of injunction be quashed. Again on the same day, the defendant, by his counsel of record therein, filed his general answer and appearance to the petition, together with a motion that the injunction be dissolved. On January 4, 1941, the motion was duly heard and denied. Hearing of the cause was also had on its merits before the court without a jury, upon issues joined in the amended complaint and general answer. No demand for a jury trial upon any issue arising under the pleadings was filed at any time by either of the parties. Judgment was entered against the defendant Powers for $2,000 found to remain due and unpaid to the plaintiff, under the terms of the prior alimony decree. In January 1941, and in November 1942, executions were duly issued upon said judgment and returned "Not satisfied, no property found," by the sheriff of Coles county. No appeal from that judgment or decree was ever taken by the defendant. .

Stella B. Powers, then a widow, died seized of the above-described real estate in fee simple and had also left some personal estate. She left surviving, three adult children; the defendants William A. Powers, Pearl A. Dole and Josephine Edith Kauman as her only heirs and her only devisees and legatees under the terms of her will, which was duly admitted to probate in the county court of Coles county on September 6, 1941. Defendant Pearl A. Dole was appointed and qualified as executrix named in the will. Defendant Horace J. Dole is her husband.

. Clause "Second" of the will of Stella B. Powers, pertaining to the disposition of the property and estate in question, directs the executrix to sell the home place or premises of the testator therein described at public or private sale as soon as possible and from the proceeds of the sale to first pay Pearl Alice Dole the sum of $2,000 and further provides that the remainder

of said proceeds shall go to and be distributed in equal shares among her three children and heirs hereinabove named. It was also therein recited that the testatrix and her late husband had advanced to William C. Powers and Josephine Edith Kauman, the sum of $2,000 each during testator's lifetime and that before such real estate was sold by the executrix, the daughter Josephine should pay the balance due on a mortgage indebtedness against said real estate which had been incurred in procuring the above advancement to her. Said clause "Second" also provided that "I further empower my executrix to execute any and all conveyances for the sale and transfer of said property. It is my further wish and desire that my three children above named, Pearl Alice Dole, William C. Powers and Josephine Edith Kauman, shall have the first option to buy my home before it is offered for sale to any other person or persons."

The suit in equity in the nature of a creditor's bill was filed by plaintiff on May 17, 1943, in the Coles county circuit court, against the above-named children, all adults, and the said husband of the executrix. Personal service was had upon all defendants except William C. Powers, then in Indiana, and he was duly served by publication.

Issues were joined upon the allegations of the amended complaint and the answer of defendants Pearl A. Dole, Horace J. Dole and Pearl A. Dole, executrix. The sister, Josephine Edith Kauman and defendant William C. Powers made no defense and were defaulted and a decree was entered against them. Neither William C. Powers nor Josephine Edith Kauman have joined in the appeal to this court.

The oral testimony of several witnesses on behalf of the plaintiff, together with numerous exhibits were offered in support of the allegations of the amended complaint, following which five exhibits but no oral testimony was offered by the defendants. A written

opinion was filed by the trial court which appears in the record and in the additional abstract filed by plaintiff appellee.

The defendants appellants, Pearl A. Dole and Horace J. Dole, her husband, denied the validity of the plaintiff's $2,000 judgment, asserting that the same was entered without jurisdiction of the person of said Powers; was incomplete and invalid as a judgment of record and was not a lien against any interest of William C. Powers in said estate and further denied that their actions and conduct in executing and procuring their respective deeds and assignments to said interest of William C. Powers was fraudulent or that plaintiff was entitled to the relief prayed, and assigned errors by the trial court in holding to the contrary.

In her amended complaint, plaintiff had alleged and the court found and decreed in substance that the interest of William C. Powers as heir, devisee and legatee under the will of Stella B. Powers, deceased, was held subject to the lien of said judgment in favor of the plaintiff and that with full knowledge thereof and with intent to defraud the plaintiff and deprive her of the benefit of said judgment and lien, the defendants fraudulently conspired to sell and did sell and transfer the interest of William C. Powers in the above-described real estate, consisting of a valuable home and residence property in the city of Mattoon, by a deed from said executrix to her husband, Horace J. Dole, dated October 9, 1941 for an inadequate consideration and in the furtherance of said fraudulent design; that said Pearl A. Dole also procured a fraudulent and undated assignment, without consideration, to her of the equitably converted interest of said Powers in the proceeds of sale of said premises; that she thereafter, on October 16, 1941, filed the said deed for record and said purported assignment in the office of the county clerk, together with an inventory

of said real estate and certain personal property; that she then filed a final report in said estate and claimed unto herself as assignee the alleged distributive share of William C. Powers in said estate in the amount of $1,768.88; that the two remaining children, William C. Powers and Mrs. Kauman entered their appearances without any public notice and without the knowledge of the plaintiff and she, as executrix, procured approval of said county court to her final report and therein acknowledged receipt as assignee of the above distributive interest of William C. Powers in said estate.

With all of the foregoing proceedings, it appears that the defendants were familiar and that before the transfer and alleged purchase of the real estate by Horace J. Dole, husband of the executrix, and before her brother, William C. Powers, against whom the judgment was in effect, had assigned his interest to her, an adjustment of said alleged judgment lien and claim against the interests of Powers in the above premises and estate had been sought and was fully discussed by and known to all of the interested parties.

Concerning the above transactions, including the value of the property in question, it was orally shown and not denied by any witness that the fair cash market value of the real estate in question was from $7,250 to $7,500 at the time of its transfer; that defendants' counsel Kidwell was told by the grantor's husband, Horace J. Dole, that he had learned from the building and loan association of Mattoon that they valued the home property at $7,500, one of which said associations held the mortgage lien on the property; that Dole proposed to buy the property for $4,000, subject to said lien so there would be nothing left for distribution and stated "that they didn't want Mrs. Wickiser to get any of this money," but were advised by the attorney then representing William C. Powers that no court would approve this transaction, and at the

instance of grantee Dole, other counsel was then retained. Further negotiations then followed, resulting in the sale and transfer of the property to the husband of the executrix and the assignment of Powers' "right, title and interest" in the estate to the executrix in person by the undated and unacknowledged instrument of assignment which concluded as follows: "I further authorize the said Pearl Alice Dole to receipt the Executor of the Estate of Stella B. Powers, deceased, for my distributive share as fully as I could do in person. Signed—William C. Powers. (Seal)."

The deed from Pearl Alice Dole, executrix, to Horace J. Dole, recited a consideration of $3,000, together with the assumption of an unpaid mortgage balance of $2,549.85. It appears from the undisputed evidence that a previous written bid of Horace J. Dole for this property was $6,000; being more than the actual purchase price recited in the deed and not in accord with the consideration named in the final report, which also showed that Pearl A. Dole, as assignee of William C. Powers, had received the sum of $1,786.88 for which an accounting was prayed as being impressed with a trust arising out of the equitable conversion of William C. Powers' interest in the real estate under his judgment lien against the same, in the event that the transfer was not set aside as fraudulent. No effort was made to sell the premises at their fair cash value. The executrix even withheld the key from a prospective buyer desirous of inspecting and bidding upon the premises. The court properly found and we hold from the preponderance of the evidence that the defendants, including the appellants and William C. Powers, had entered into a fraudulent scheme and had conspired to defeat and defraud plaintiff appellee of the benefit of her said judgment; that the assignment of William C. Powers to Pearl A. Dole, the deed from Pearl A. Dole, executrix to her husband Horace J. Dole and the assignment of William C.

Powers to Pearl A. Dole were made without adequate consideration and were fraudulent, null and void and should be cancelled; or that in the alternative, the appellants pay such judgment within 10 days; that otherwise the same be cancelled and the property sold to the highest bidder, further directing the share of William C. Powers to be held and reported into the trial court.

It is the law in Illinois that before a creditor's bill can be maintained to set aside or remove a fraudulent conveyance, or reach funds of a debtor, a valid judgment must have been first obtained, followed by the issuance of an execution and a nulla bona return thereon. *Ladd v. Judson,* 174 Ill. 344, 51 N. E. 838; *Austin v. Bruner,* 169 Ill. 178, 48 N. E. 449; Jones Ill. Stats. Ann., ch. 106, par. 12 [Ill. Rev. Stat. ch. 22, § 49]. Defendants appellants urge that no valid judgment was entered in said city court and also question its jurisdiction to enter a judgment at law and the order granting equitable relief in the same proceeding. Under the Civil Practice Act now in force, both legal and equitable remedies may be sought in the same proceeding. There is no force in the latter contention. *Westerfield v. Redmer,* 310 Ill. App. 246, 33 N. E. (2d) 744.

It is further contended that the legal issues in the case should have been heard upon trial by a jury. Both the present statute and a number of cases of our courts of review have approved and upheld the provision that the constitutional right of trial by jury in civil actions at law, is one which may be waived unless a written demand for trial by jury is filed pursuant to the provisions of the statute. The cause was duly heard and no demand for a jury was made at any time by either party to the suit. They thereby waived right of trial by jury and the appellants herein cannot in any event raise the same as grounds of error in a collateral proceeding. The trial court properly so

held concerning the money judgment of $2,000 in question. While the service upon the defendant William C. Powers of a copy of the complaint in Indiana did not give the court jurisdiction to enter a judgment *in personam* against him, his general answer joining issue upon the allegations of the amended complaint in that proceeding did give the court jurisdiction of his person for all purposes and there is no merit in appellants' contention to the contrary. Suits to recover past due alimony may be maintained in an action at law for the recovery of a liquidated debt. That has been the long established law in this state. *Paulin v. Paulin*, 195 Ill. App. 350; *Lancaster v. Lancaster*, 29 Ill. App. 510. The court entering the above judgment had jurisdiction of the parties and subject matter and that judgment was not set aside nor was it appealed from by any party.

Appellants further contend that the record of that proceeding and the judgment was incomplete and that the same and the executions issued thereon were therefore void. The minutes of the trial judge entered on January 4, 1941, read as follows: "Jan. 4, 1941. Hearing on motion of defendant to dissolve injunction. Parties in open court by attorneys. Finding defendant properly served and motion of defendant denied and overruled. Hearing on petition. Finding $2,000.00 due, owing and unpaid to plaintiff by defendant. Judgment on the findings and execution ordered to issue. Said $2,000.00 being the amount due, owing and unpaid under order and decree heretofore entered and in full amount due and owing."

While the judge's minutes clearly show the announcement of the above judgment of the court on the findings on that date; the clerk, in writing up the record, showed the findings and order for execution but omitted the formal words of judgment upon the findings in favor of plaintiff and against the defendant in the amount of $2,000, and the trial court at a subse-

quent term, upon motion of plaintiff ordered the judgment record to be completed by the clerk in compliance with his ministerial power and duty under the statute. This was done by the addition of the above words by the same clerk who was still in office on March 29, 1943. The appellants' objection thereto is decisively answered by the holdings of the Illinois Supreme Court in the case of *People v. Petit*, 266 Ill. 628, 107 N. E. 830. In that case, the judge's abbreviated minutes entered on October 17, 1913 recited ''Jury verd. fg. iss. for pltf. & assess pltfs. das. at $9500.00 & Costs.'' The docket kept by the clerk read as follows: ''Petit, Oct. 17, 1913. Jury verd. fdg. issue for pltf. das. at $9500.00 & costs. Jdg. on fdg.'' The same minutes appeared on the wrapper of the files in the case. No expanded record of the judgment had been written by the clerk in the judgment record prior to December 4, 1913. An execution was issued on November 18, and served on the defendants on November 20. Defendants then made a motion at a subsequent term asking the court to expunge the entry of the clerk in the clerk's minute book, wrapper and in the judgment docket. The trial judge then entered an order that the execution be stayed until further notice, etc. The plaintiffs filed a mandamus suit in the Supreme Court to have the last order expunged, alleging that the judge had no authority to enter it.

Concerning the validity of the original judgment of $9,500.00 and costs and the minutes of the judge and the clerk in relation thereto, the Supreme Court held in substance that the rendition of a judgment is the act of the court and can ordinarily be proven only by the record; that the judgment exists, however, from the time the court acts even though the entry of the judgment may not have been formally written by the clerk; that it is not necessary to the validity of an execution that the judgment shall have been formally written upon the record of the proceedings of the court

before the execution is issued (citing *Weigley v. Matson,* 125 Ill. 64, 16 N. E. 881, 8 Am. St. Rep. 335); that while it was the duty of the clerk to enter of record the judgment so rendered, his failure to do so within any particular time did not make invalid the execution which was valid when issued; that the judgment of the court did not cease to be a judgment because the clerk failed to enter it of record; that while he might be liable personally to a fine under the statute for neglect of duty for such failure, the judgment did not lose its binding effect and it still remained the duty of the clerk to enter it of record; that the statute contemplates that judgments, decrees and orders of the court may not be immediately entered of record and directs the clerk to enter them before the final adjournment of the term or as soon thereafter as practicable. The statute referred to was amended in 1933 by changing such time from adjournment of the term to 30 days after adjudication. Laws of 1933, 678, sec. 1. The Supreme Court further held in the *Petit* case, *supra,* that it is neither customary nor necessary to await such writing of the proceedings by the clerk before execution may issue, and although "both the September Term at which the judgment was entered, and the October Term, the next succeeding term, having elapsed since the judgment," there was no limit of time upon the authority of the clerk to enter the judgments, decrees and orders made by the court; that it is not necessary to procure an order for the clerk to enter the judgment *nunc pro tunc,* nor for any order of the court upon the clerk to make a record of the judgment rendered. From an inspection of the minutes therein, it was held to be apparent that they were sufficient to enable the clerk to write out the formal judgment of the court. It was further held that the trial court was without jurisdiction, at a subsequent term, to direct that the judgment should not be written up by the clerk and the Supreme

Court ordered the trial judge to expunge the order therefor. See also *People ex rel. McDonough v. Jarecki,* 352 Ill. 207, 185 N. E. 570.

From the principles announced by the above authorities, it appears to this court that the clerk had full authority, in the exercise of his ministerial duties under the statute, to write up the judgment record during either the trial term or a subsequent term, there being at such subsequent term sufficient memoranda in the judge's or clerk's docket or minutes upon which to base the same. Clearly, such specific monuments and memoranda appeared in the judge's and clerk's minutes in the instant case. It also appears to be the settled law in this state that the judgment relates back to the date of its first entry and announcement, and the judgment, as announced and shown by the minutes of the trial court, fixed the date of the judgment herein as January 4, 1941, although its record was completed by the clerk at a subsequent date and term. We therefore hold that the judgment in question and the executions duly issued thereon and returned nulla bona were valid and binding upon the parties.

Where the testator merely directs the executor to sell real estate and apply the proceeds to certain purposes, the executor will take only a power to sell but no estate in the land. By the will, the executrix was given a mere power of sale of the real estate under the circumstances disclosed by the record (*Lockner v. Van Bebber,* 364 Ill. 636, 5 N. E. (2d) 460), and the interest of William C. Powers became subject to the lien of plaintiff's judgment. Aside from the power of sale, no different disposition of the estate was made among the three children under the will than they would receive under the law of descent. We further hold that an equitable conversion thereof into personal property for the purpose of distribution under the terms of the will impressed said interest with an equitable lien under plaintiff's judgment, recoverable

by a creditor's bill in chancery. *Railsback v. Lovejoy,* 116 Ill. 442, 6 N. E. 504. However justified the defendants may have felt in their concerted designs and efforts to defeat the claim of the plaintiff, no justification appears from the record which would appeal to a court of equity in upholding the fraudulent transfer of the property to her husband and the assignment to herself for the declared and proven purpose of preventing the plaintiff from collecting any money upon a judgment lien against the interest of the plaintiff's former husband. The chancellor committed no error in granting the equitable relief prayed for in the complaint.

While we have not discussed all of the assignments of error, we have fully considered the same and we find no reversible error in the record. The decree of the circuit court of Coles county from which this appeal was taken is therefore affirmed.

*Decree affirmed.*