CATHARINE GETZLER, by her next friend, W. DAVIS, Plaintiff in Error, *v.* CHARLES S. SARONI *et al.*, Defendants in Error.

### ERROR TO COOK.

Upon a bill of reviews, only the record of the proceedings sought to be reviewed, such as the bill answers, and decree will be inspected, for error, without regard to the evidence upon which the decree is based.

Where a married woman is interested in a chancery proceeding, her husband will answer for her, unless her personal answer be required; if her interest be adverse to that of her husband, or for other special reason her interests may demand it, the court will, on application, not otherwise, order that she have leave to answer and defend separately.

Judgments on attachments are a proper foundation for equity interposition, to set aside a conveyance in fraud of creditors.

If the property be an equitable interest only, and personal service cannot be had, a party may, in the first instance, proceed in equity to recover his debt.

A wife, during the lifetime of her husband, cannot claim the benefit of the homestead exemption. And if the husband has conveyed the homestead to defraud creditors, the conveyance is good as against him.

THIS bill, filed by Catharine Getzler, in Cook Circuit Court, states that, on the 12th of July, A. D. 1854, the defendants, Saroni and Isaac H. Archer, filed their bill in chancery in said court, complaining that in October, A. D. 1851, Andrew Getzler, one of the now defendants, became indebted unto them in $110, and being then also largely involved in debt to other persons, did, January 1st, 1853, abscond, with intent, etc., to the injury of the said complainants therein, and others, his creditors. That, on January 3d, 1853, said complainant therein, issued an attachment from said court, for $198.34 against Andrew Getzler, which was levied January 4th, 1853, upon lot seven, in block forty-two, in the original town of Chicago, and thereupon, on November 25th, 1853, recovered judgment for $211.63 and costs, with award of special execution; that said indebtedness, to said complainants, arose October 17th, 1851; that said Andrew Getzler was then seized in fee of said premises; that on April 19th, 1852, by deed, said Andrew Getzler, did, for the consideration of one dollar, convey unto Caleb D. Fitz, said hereditaments, but in trust nevertheless, and as trustee, for the now complainant, and her heirs, which deed was filed for record in said county, May 31st, 1852; that said deed was made without any good and valuable consideration received by said Andrew Getzler therefor, to hinder, delay and defraud the just creditors of said Getzler, among whom the complainants then were, in the collection of their several and respective debts against him; that at the time said Andrew Getzler was largely indebted to persons, to the complainant therein unknown, and that said Andrew Getzler was then insolvent and unable to pay his

debts; that in contemplation of such insolvency, and well knowing his property to be insufficient to pay his debts, said Andrew Getzler combined and confederated with said Fitz, to defraud as well those persons to whom he was indebted, as those to whom he might thereafter become indebted, to convey away said property to him, said Fitz, in trust for his wife, and with that intent the said conveyance was made to, and received by, said Fitz, and said Catharine Getzler; that the said Andrew Getzler had no title except to twenty feet of said lot; that at the time said part of said lot was in Andrew Getzler's actual occupation, and remained so till he absconded, and up to the time of the now-stating bill, the family of the said Andrew Getzler continued to reside upon it; that at the date of the said conveyance, it was worth about three thousand dollars, and at the time of the now-stating bill, it was worth five thousand dollars; that divers creditors of the said Andrew Getzler, had severally attached, returnable to said May term of said court, among other things, the said described real estate; that some of said creditors had recovered judgment, and levied upon said property; and that judgment had not then been recovered upon the other of said attachments, but they were then pending. That at the March term, 1854, an order was made distributing the proceeds of sale among all of said attaching creditors; that said real estate was offered, but not sold for want of bidders; that it ought to be liable to said judgments, but that in consequence of said conveyance to said Fitz, it could not be offered, and the purchaser obtain a clear title, without the aid of this court; and the said bill prayed that said conveyance to said Fitz, might be declared void, and that the sheriff of said court might be directed to sell and convey said premises under said executions, according to law, and for process against Andrew Getzler, the now complainant, his wife, and said Caleb D. Fitz.

That defendants in that suit did not appear, and at November term, 1854, they were ruled to plead, etc., instanter, the bill was taken *pro confesso*, for want of an answer, and referred to the master to take proofs, report, etc.

That on January 6th, 1855, a decree was made in said cause reciting that due personal service had been had on the said Andrew Getzler, Catharine Getzler and Caleb D. Fritz, and publication, etc., had been duly given as to the other defendants, non-residents. And the court being satisfied as well, etc., that on April 19th, 1852, the said Andrew Getzler, without any good and valuable consideration, and with the intent to hinder, delay and defraud his creditors, among whom were the complainants in that cause, made, etc., unto the said Fitz, said deed, and reciting that at the time of making said deed,

said Andrew Getzler was largely indebted, and among others to complainants, and to the firms of C. Guthrie & Son, G. C. Treadwell and Co., and Mitchell and Allen, which said indebtedness still remained due and unpaid; that said Getzler was insolvent, and that the deed was made to defraud the parties to that suit, and future creditors, and that said real estate had been attached.

It was declared that said deed was fraudulent and void, as against said parties to that suit who had attached, and that said real estate be liable to be levied and seized upon, under said attachment suits, and sold to satisfy the amount due to the attaching creditors.

Also, that said real estate, or such as might be necessary, be sold by the master in chancery, in the manner therein specified; and in case no redemption be made within fifteen months, according to statute, that he make a deed to the purchaser, his heirs and assigns; proceeds of the sale to be divided among the creditors, *pro rata*, and the honorable complainant, among others, was perpetually enjoined from dealing with said property, and debarred from all interest therein.

The bill of Mrs. Getzler further states, that, in pursuance of said decree, said master did sell said premises by public vendue to one William T. Burgess, that complainant had been informed, and believed he was, merely the ostensible purchaser, to bid in the property for the said attaching creditors.

That complainant was, at the time of the filing of the said bill of complaint, the wife of the said Andrew Getzler, and that the said Andrew Getzler was served with process in the said suit, and during all the time of the pendency of that suit; at the time of the said stated rule to plead, answer or demur; and also, at the time of the taking the said stated bill as confessed; and at the time of the said decree, complainant was, and remained and then was the wife of the said Andrew Getzler, and a *feme covert*, and that there had not been any order in the said stated cause, requiring or permitting complainant to answer therein, separate and apart from her said husband.

That before the commencement of the said stated suit, to wit, on October 1st, 1853, Alfred E. Tilton, Matthew S. Maloney and David St. Amand, filed their bill in chancery, in the circuit court of the United States, against said Fitz and complainant, praying that the said deed to said Fitz might be set aside, and declared void as against complainants. That said last stated bill was afterward taken as confessed, and such proceedings, by default, were thereupon had, that by a decree of the said court, made and entered on November 20th, 1854, the said deed was declared fraudulent and void as against the

33

complainants therein, and was decreed to be set aside, and held inoperative and void as against the said complainants, and the said Fitz was, thereby, ordered to convey said lot to the complainants within thirty days after service of a copy of the said decree, as by said stated bill, etc., will appear.

That on March 10th, 1846, said premises were mortgaged by the said Andrew Getzler and wife, to the city of Chicago, for $600 and interest. That the time for the redemption expired long before the commencement of any of said stated attachment suits, but that no redemption had been made, and that the only interest of said Andrew Getzler therein, was an equity of redemption, and that he had not, at the time of said suits, any legal estate whatsoever, in the premises, subject to attachment. That before, and at the time of her intermarriage with the said Andrew Getzler, complainant was possessed of the sum of $1,500, and upward, which was appropriated by the said Andrew Getzler; that the actual consideration for the said stated deed to the said Fitz, was the natural love and affection of her said husband toward her; that said deed was intended also to operate as a post-nuptial settlement, and to convey a separate estate to complainant, and not to hinder, delay or defraud the creditors of the said Andrew Getzler; that the said Andrew Getzler was then absent from the State of Illinois, with the intention of returning to reside there, and that said premises had been, during his absence from the state, and then were, and constituted the sole residence and homestead of complainant, and her family of children by said Andrew Getzler; that on said master's sale, no provision was made for the homestead right of the said Andrew Getzler or complainant, or their family. States, on information and belief, that the indebtedness of the said Andrew Getzler, upon which the said several judgments were recovered, except said claim of the said Saroni and Archer, accrued subsequently to the date, and execution and recording of the said deed to said Fitz, and that at the time of the execution and recording the said deed, there were no liens upon the said described property, except said stated mortgage. Alleges the following grounds of error in said decree of said circuit court of Cook county:

First. That at the time of said bill, order and decree, complainant was a *feme covert*, sued jointly with her said husband, and that no order was taken or power given her to answer separately, and she insists that her rights ought not to be prejudiced by her default to do that which she was not authorized to do by law.

Secondly. That at the time of the commencement of the said stated suit the whole subject matter thereof was *lis pendens* in the circuit court of the United States, for the northern district

of Illinois, on the chancery side thereof, and the decrees of the two courts are conflicting.

Third. That the said Andrew Getzler, Caleb D. Fitz, and complainant, had no legal estate in the said described property, but only an equity of redemption, which was not subject to attachment by the laws of this state.

Fourth. That the deed to said Fitz was made upon a good, valid and sufficient consideration in law, and, therefore, ought not to be set aside.

Fifth. That if the said deed were liable to be set aside, yet it could be so vacated only in favor of the person or persons, his or their heirs, successors, executors, administrators or assigns, whose demands or interests were hindered thereby, and could not be affected by indebtedness, accrued subsequently to the executing and recording of the said deed.

Sixth. That the said premises are the homestead of said Andrew Getzler, complainant, and their family, and that no allowance therefor was made to them.

Seventh. That the order of sale by the master in chancery, and the sale in pursuance of that order, were not authorized by the statement of facts, or proofs appearing on the record, and this for three reasons:

First. That the statute law prescribes the only mode of making a sale of property attached, for the benefit of the attaching judgment creditors, namely, by the sheriff of the county, under a special execution.

Second. That the actions being *in rem.*, the attaching creditors have no right to a sale of the property until they had at least obtained a judgment against it, but that the sale is ordered not only of so much as might be necessary to pay the judgment recovered, but those that might be recovered thereafter.

Third. That it does not appear by the said bill, or the proofs, or otherwise in the records of the said cause, that the said master's sale was prayed for, nor that it was the appropriate or expedient relief in the case, and that the decree was taken before the filing of the master's report.

That the said decree is otherwise erroneous, and ought to be reversed.

That said William T. Burgess is endeavoring to disturb complainant in the possession of the said premises, and is attempting to carry out the provisions of said decree, and has filed in said circuit court a motion for a writ of assistance, to place the said Burgess in possession of the said premises, prays that the said cause may be reheard upon all and singular the matters aforesaid, and the said decree be reviewed, and be reversed, and the said sale, etc., be set aside, and that, in the

meantime, until further judgment of this court, the said Saroni and Archer may be restrained by injunction from prosecuting said decree, and also from attempting to procure or execute the said writ of assistance, etc., and for further relief, etc.

The defendants filed a general demurrer to the bill for want of equity.

The demurrer was sustained by the court, and complainant excepted.

Decree was entered dismissing the bill for want of equity. Complainant excepted, and prayed an appeal.

The grounds of error assigned are :

The sustaining the demurrer. The decree dismissing the bill.

E. MENTIN, for Plaintiff in Error.

W. T. BURGESS, for Defendant in Error.

SKINNER, J. THIS was a bill of review. The decree sought to be reviewed and reversed, in connection with the whole record, discloses that Andrew Getzler, the husband of this complainant, in 1851, was seized in fee of the real estate mentioned, and was then largely indebted to Saroni and Archer, and others, defendants to this bill, and was insolvent; that in 1852 said Andrew, combining and confederating with Fitz and this complainant to hinder, delay and defraud his creditors, conveyed the property to Fitz, without consideration, and in trust, for this complainant, his wife, and her heirs; that in 1853 said Andrew absconded and departed the state, leaving this complainant and family in possession of the property at their residence, and who continue to occupy it; that in 1854 Saroni and Archer, and the other creditors named, defendants to that bill, sued out writs of attachment, at law, on their respective debts, against the estate of said Andrew, returnable to the same term of court, which were levied upon the property in controversy, and obtained judgments for their several debts against the property; that the court made an order that the proceeds of the property attached be applied to the satisfaction of the several judgments *pro rata*, and that the property could not be sold at law, under said judgments, for its value, in consequence of the fraudulent conveyance to Fitz. That record, as shown by this bill, further discloses that Saroni and Archer were complainants therein, and said Getzler and wife, said Fitz and the other creditors named, of Getzler, defendants therein; that upon due service and default the bill was taken for confessed; that the conveyance from Getzler to Fitz was decreed fraudulent and void as against the creditors

of Geztler, complainants and defendants in that bill, and ordered to be sold by the master in chancery, and the proceeds thereof applied to the satisfaction of the several judgments in attachment, according to the order of the court (of law in relation to the apportionment) among the judgments in attachment; that no order was made prior to that bill being taken for confessed, requiring or allowing this complainant, as a *feme covert* defendant joined with her husband, to answer and defend separately; and that no notice was taken of any homestead exemption rights of Getzler or family in the property.

Other matters not appearing by the record of that proceeding, are alleged in this bill for cause of review and reversal, which we shall not notice, as this bill is filed as *of right* and without leave. In such case, the record of the proceeding sought to be reviewed, the bill, answers and decree, can only be looked into to see if there be error in the decree, and without regard to the evidence upon which the decree is based. *Whiting* v. *Bank of United States,* 13 Pet. R. 6; *Perry* v. *Phillips,* 18 Vesey, R., 178; Story's Eq. Pl. Secs. 403 to 409.

The question, then, arising upon this record is, whether there is error apparent in the decree, appearing from inspection of the record, and without reference to the evidence.

Where married women are interested, the general rule is, that their husbands must be joined with them as defendants; and the husband may answer for himself and wife, unless her personal answer be required, or the court, on application, on her behalf, or that of her husband, or of some other party, for cause appearing, should otherwise order. Where the married woman has a separate or distinct interest in the subject matter of the bill, where her interest is adverse to that of the husband, where the husband does not fairly make defense, or for other cause shown, the court will, on her application, order that she be at liberty to answer and defend separately.

So, for cause shown, or special circumstances appearing, the court will, on application of any party in interest, require such separate answer.

But it is not necessary in any case where the wife is made party defendant with her husband, that an order, without application for that purpose, be made allowing or requiring her to answer separately from her husband. Story's Eq. Pl. Secs. 71, 72; *Leavit* v. *Gruger,* 1 Paige R. 422; 1 Daniel's Chy. Prac. 190, 191, 192, 193, 548 and 549; *Lingan* v. *Henderson,* 1 Bland. R. 421; 1 Smith's Chy. Prac. 101, 102, 145, 146, 193, 194 and 254; *Perine* v. *Swaine,* 1 Johns. Chy. R. 24; *Ferguson* v. *Smith,* 2 ibid. 139; *English* v. *Roche,* 6 Porter (Ia.) 62.

The judgments in attachment were a proper foundation for equity interposition. The property having been conveyed to hinder and defraud creditors, the conveyance was void as against existing and subsequent creditors, and thĕrefore, subject, in their favor, to attachment at law, the same as if no such conveyance had been made. Story's Eq. Com. Secs. 353, 361; *Greenway* v. *Thomas*, 14 Ill. R. 271.

The party as to whom such conveyance is void, if the debtor is liable to attachment, may proceed by that remedy against the property so fraudulently conveyed, obtain his judgment and go into equity to remove the conveyance out of the way of his execution, or to subject the property to sale in satisfaction of the judgment, by decree in equity; and, if the property be not subject to attachment at law, being an equitable interest only, and personal service cannot be obtained on his debtor, so that he is without remedy at law for the establishment of his debt, he may, in the first instance, go into equity, establish his debt and have satisfaction out of the equitable interest. 14 Ill. R. 271; *Russell* v. *Clark*, 7 Cranch. R. 69; *Ishmael* v. *Parker*, 13 Ill. R. 324; *Farnsworth* v. *Strasler*, 12 ibid. 482; *Miller* v. *Davidson*, 3 Gilm. R. 518.

The wife, while the husband is living, cannot claim the benefit of the statute exempting homesteads from forced sale against the husband. It is for him, while living, to claim, if he chooses, the benefit of the statute, and if he does not the wife cannot enforce the exemption. Beside, the property being conveyed to hinder and defraud creditors, was good as against the husband, the grantor. He, therefore, could not claim the exemption of the statute in regard to that property. *Cassell* v. *Williams*, 12 Ill. R. 328.

The demurrer to the bill of review was properly sustained, and the decree is affirmed.