WILLIAM M. LADD *et al.*

*v.*

T. P. JUDSON *et al.*

*Opinion filed October 24, 1898.*

1. CREDITOR'S BILL—*bill in nature of, must be based on judgment at law.* A bill in the nature of a creditor's bill, which seeks to satisfy a legal demand out of property accessible only in equity, cannot be maintained without a prior judgment at law, as otherwise the right of jury trial upon the legal demand would be denied.

2. SAME—*judgment at law must be in jurisdiction where bill is filed.* A foreign decree of foreclosure cannot be made the basis of a bill filed in Illinois, which seeks to satisfy the deficiency remaining after a sale of the mortgaged premises, out of the equitable interest which the mortgagors have, as devisees, in land situated in Illinois, or in the proceeds thereof, held in trust for them by the executor of the will. (PHILLIPS, J., dissenting.)

3. SAME—*fact that defendants are non-residents does not excuse obtaining of judgment.* The fact that defendants to a bill which seeks to reach an equitable interest in land in Illinois devised to the executor as trustee, or in the proceeds thereof held by him as trustee, are non-residents, does not excuse the obtaining of a judgment at law in Illinois, and if complainant is unable to recover a judgment in attachment, or against the executor as garnishee in attachment, he is without remedy. (PHILLIPS, J., dissenting.)

*Ladd* v. *Judson,* 71 Ill. App. 283, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

This is a bill in equity in the nature of a creditor's bill, by appellants, against appellees, filed in the Montgomery circuit court. It alleges that complainants obtained a decree of foreclosure in the circuit court of Josephine county, Oregon, against defendants Thomas P. and Jennie H. Judson, on a note and mortgage executed by them for $1121.45; that certain mortgaged property was sold under that decree and the proceeds applied thereon, but was insufficient to fully pay the same, leaving a balance of $981.11; that Solomon Harkey, the father of defendant Jennie H. Judson, died testate, leaving a large amount of real and personal property in Montgomery county, Illinois, which he willed to the defendant Alexander A. Cress, as executor, in trust, to sell and convert into money and then divide the proceeds equally among his several children, including the said Jennie H. Judson; that there is now remaining in the hands of said trustee under said will, and undisposed of, certain real estate described, containing about three hundred and twenty acres, in Montgomery county, Illinois; that the judgment referred to in this bill was regularly obtained against the defendants in the circuit court of Josephine county, Oregon, personal service having been had upon them, and that the Judsons are insolvent and non-residents of the State of Illinois; that the funds sought to be reached to satisfy this debt are within the jurisdiction of this court, and that there is no way in law by which the said property rights and interests held in trust by the said Alexander A. Cress for the defendant Jennie H. Judson can be reached, and that there is no other property of any kind or character in the State of Illinois, owned by the defendants, which can be reached by attachment or otherwise, and that complainants have no remedy at law. The bill alleges generally, upon information, that the trustee has control of notes, accounts, choses in action, etc., which he holds in trust for the defendants under the terms and conditions of the will

aforesaid, and prays discovery; that said T. P. Judson
and Jennie H. Judson have refused to pay the amount
due the complainants or to apply thereon the equitable
interest which is held in trust for them by the said
trustee, all of which is contrary to equity and good con-
science; that by reason of said defendants being non-
residents of the State of Illinois and keeping themselves
out of the jurisdiction of the courts, complainants have
been unable to obtain judgment in Illinois against the
Judsons. The bill prays answer not under oath, and
especially that the said Alexander A. Cress may be re-
quired to inform the court as to the amounts and value
of all property, interests and effects held by him in trust
for the use of T. P. Judson and Jennie H. Judson whereby
complainants' debt could be satisfied, and that the Jud-
sons may be decreed to pay to complainants the amount
heretofore named, with interest; that the executor or
trustee may be required, if on hearing he is found to hold
real estate for the use of the Judsons, to sell or dispose
of it, or so much of it as may be found necessary to sat-
isfy complainants' debt, and that he may turn out other
property and property rights towards the payment of
the said indebtedness, and that complainants may be de-
clared to have a lien upon all property owned or held by
the said Cress in which the Judsons are interested.

A copy of the will making such devise was attached
to and made a part of the bill. Item 4 is as follows: "I
will and devise to my executor or executors hereinafter
named or described, all my real estate, including all that
devised to my wife for life, but, subject to that devise
for life to her, in trust for the following purposes or ob-
jects: First, that he may sell said real estate and con-
vert the same into money, and as I don't wish my said
real estate sacrificed, I hereby authorize and empower
my executor or executors to sell the whole or any part
or any parcel thereof, and convey the same, when sold,
on such terms and at such times as he may deem for the

best interest of my estate. He is expressly authorized to use his discretion in selling any and all real estate, and make the sales thereof privately or publicly, as shall seem to him best for my estate. Secondly, the rents and profits of said estate, except so much thereof as shall be necessary to make such repairs as are needful to keep the improved parts of said real estate from deteriorating in value and pay the taxes on my entire real estate, including that in which my wife has a life estate, together with the proceeds of said real estate, shall be divided into seven equal parts,—that is, after the costs and expenses of my said real estate have been paid,—and one-seventh part thereof shall be paid as follows: To my sons William P. Harkey, Jacob M. Harkey and Solomon S. Harkey; and one-seventh part each to my daughters Sarah C. Wilton and Jennie H. Judson; one-seventh part to my grand-daughter, Martha J. Blackburn; one-seventh part thereof to the children of my deceased son or the survivor of them, viz., Ida Harkey and Ella Lee Harkey, one-seventh part thereof."

Publication was made as to the defendants Judson and personal service had on Alexander A. Cress. He appeared and filed a general and special demurrer to the bill, alleging for special cause that it did not show that the complainants had recovered a judgment at law on their claim. This demurrer was sustained, and complainants declining to amend, the bill was dismissed at their cost. To reverse that order they appealed to the Appellate Court for the Third District, but the decree of the circuit court was affirmed, and they now bring this appeal.

Howett & Jett, for appellants:

A creditor may maintain a creditor's bill before obtaining judgment at law, where his claim has some equitable element in it. *Dormueil* v. *Ward*, 108 Ill. 216.

When a fund cannot be reached at law and is only accessible in chancery, then creditors may resort to equity

in the first instance. *Steere* v. *Hoagland,* 39 Ill. 264; *Miller* v. *Davidson,* 3 Gilm. 523; *Russell* v. *Clark,* 7 Cranch, 87.

That the complainants are entitled to relief in this case without first having obtained a judgment in the State court of Illinois, and having execution issued thereon and returned no property found, there is no question. *Earle* v. *Grove,* 92 Mich. 285; *Richetson* v. *Merrill,* 148 Mass. 76; 1 Litt. 302; *McCartney* v. *Bostwick,* 32 N. Y. C. of App. 61; *Pey's case,* 10 Gratt. 149; *Pendleton* v. *Perkins,* 49 Mo. 565.

The property in question devised was a devise of money, and not of land, as is sustained by *Ebey* v. *Adams,* 135 Ill. 80; *Haward* v. *Peavey,* 128 id. 430; *Ridgeway* v. *Underwood,* 67 id. 419.

JAMES M. TRUITT, for appellees:

A creditor's bill will not lie in the courts of this State to enforce a judgment recovered in another jurisdiction. *Steere* v. *Hoagland,* 39 Ill. 264; *Winslow* v. *Leland,* 128 id. 304.

Nor will a creditor's bill lie for the collection of a money decree, no execution having been returned unsatisfied. In this respect a money decree, in equity, stands upon the same footing as a judgment at law. *Winslow* v. *Leland,* 128 Ill. 304; *Weightman* v. *Hatch,* 17 id. 281; *Farnsworth* v. *Strasler,* 12 id. 482.

Where a creditor seeks to satisfy his debt out of some equitable estate of the defendant, which is not liable to levy and sale under an execution at law, he must first exhaust his remedy at law by obtaining judgment and getting an execution returned *nulla bona* before he can come into a court of equity for the purpose of reaching the equitable estate of the defendant; and this is necessary to give the court jurisdiction, for otherwise it does not appear but that the party has a complete remedy at law. *Miller* v. *Davidson,* 3 Gilm. 518; *Ishmael* v. *Parker,* 13 Ill. 324; *Greenway* v. *Thomas,* 14 id. 271; *Bigelow* v. *Andress,* 31 id. 322; *McConnell* v. *Dickson,* 43 id. 99; *Mugge* v. *Ewing,* 54 id. 236; *Dewey* v. *Eckert,* 62 id. 218; *Moshier* v.

*Meek,* 80 id. 79; *Shufeldt* v. *Boehm,* 96 id. 560; *Scripps* v. *King,* 103 id. 460; *Gore* v. *Kramer,* 117 id. 176; *Russell* v. *Bank,* 139 id. 538; *Detroit Brass Rolling Mills* v. *Ludwidge,* 162 id. 305.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The principal question raised and discussed on this record is whether the failure of complainants below to obtain a judgment at law against the defendants Judson in this State is, on the facts alleged, fatal to their bill. That a judgment at law and execution thereon, with a return of *nulla bona,* are prerequisites to the maintenance of a creditor's bill proper has never been questioned. Our statute expressly so provides. A bill in the nature of a creditor's bill, the object of which is to remove a fraudulent incumbrance or other obstruction out of the way of a levy and sale under an execution, may be filed immediately upon obtaining judgment. The judgment is, however, no less essential in such a case than that of a simple creditor's bill. The reason frequently given for requiring such judgment at law in both classes of cases is, that to allow a complainant to establish his claim in the first instance in a court of chancery would be to deprive the defendant of the right of trial by jury. It is also well settled that the judgment at law necessary to give the court jurisdiction in such cases must be a judgment in the jurisdiction where the bill is filed. *Winslow* v. *Leland,* 128 Ill. 304, citing *Steere* v. *Hoagland,* 39 id. 264.

But counsel for appellants insist that there is a third class of cases in which a creditor may maintain a bill in equity for the satisfaction of his debt,—that is, where he seeks to reach property or funds accessible only by the aid of a court of chancery,—and that in such cases no judgment at law is necessary. Expressions are referred to in some early decisions of this court which give support to this contention. (*Greenway* v. *Thomas,* 14 Ill. 271; *Miller* v. *Davidson,* 3 Gilm. 518; *Getzler* v. *Saroni,* 18 Ill. 511.) But it has never been decided in this State that the mere

fact that assets of a debtor out of which satisfaction is sought can only be reached through a court of equity, will give that court jurisdiction in the absence of a judgment at law, and the uniform holding that in bills of the second class above mentioned such a judgment must be averred and proved is irreconcilable with any such decision. If a case can arise in which relief may be sought in equity in the first instance, it must appear that the complainant's demand is of such an equitable character that it can only be established in a court of chancery, otherwise the right of the defendant to a trial by jury upon a legal claim would be taken away, and the reason for the rule, as above stated, destroyed. And so we said in *Dormueil* v. *Ward*, 108 Ill. 216, where it was insisted that the case came within an exception to the general rule requiring a judgment (p. 219): "These so-called exceptions, when properly understood, are rather nominal than real, for a bill of this character will not lie in any case where the claim, as it is here, is a purely legal demand. In all cases where such a bill has been maintained the claim of the complainant has had some equitable element in it,—such as a trust, or the like. But in the absence of some element of this character there is a want of jurisdiction to adjudicate upon the claim at all, and it is upon this fundamental doctrine the rule controlling this class of cases rests. When, however, a judgment has been obtained and an execution has been returned *nulla bona*, and it can be shown the defendant has equitable assets which can not be reached by execution, or that he, or others acting in concert with him, have fraudulently placed obstructions in the way of collecting the claim by execution, a case will then be made out for the interposition of a court of equity. The jurisdiction of the court thus invoked is known as a part of the auxiliary jurisdiction of a court of equity; but as a condition precedent to its exercise, where the demand is purely legal, as it is here, the claim must be reduced to a judgment and an execution thereon

returned *nulla bona*. Such is the settled law of this State, and it is supported by the general current of authority." See, also, *Shufeldt* v. *Boehm*, 96 Ill. 560.

If it were true, as alleged in the bill and urged in the argument, that by reason of the non-residence of the defendants Thomas P. and Jennie H. Judson an action at law cannot be maintained against them in this State, that fact would furnish no sufficient reason for changing the well settled rule, uniformly adopted, making a judgment at law necessary. (*Shufeldt* v. *Boehm, supra.*) We are not, however, prepared to hold that this bill shows that such a judgment cannot be obtained. If Mrs. Judson's ownership in the property in question, or the proceeds thereof when sold, is such an interest as can be seized by a decree in chancery and applied in satisfaction of her indebtedness, it is difficult to see why, under our attachment and garnishment laws, an action at law cannot be maintained against her. Cases like *Baker* v. *Copenbarger*, 15 Ill. 103, *West* v. *Schnebly*, 54 id. 523, and *Farrar* v. *Payne*, 73 id. 82, decided under the law as it existed prior to the passage of the act of March 31, 1869, re-enacted December 23, 1871, and still in force, are not authorities on this question. The present statute authorizes the levy of a writ of attachment upon any lands or tenements in and to which a debtor "has or may claim any equitable interest or title." (Rev. Stat. chap. 11, sec. 8, p. 154.) It would seem clear that Mrs. Judson, on the facts here alleged, "has or may claim" some equitable interest in the property in the hands of the executor of her father's will. But if she cannot, upon what principle can her creditors attack it? If it be conceded that the property could not be levied upon, still the executor, if he has in his "possession or power" any property, effects, choses in action or credits belonging to Mrs. Judson, may be summoned as garnishee in an action by attachment. (Ibid. sec. 21.)

In *Steib* v. *Whitehead*, 111 Ill. 247, certain real estate was devised to trustees to keep rented, make repairs,

etc., and "pay over all remaining rents and income in cash into the hands of my said daughter Juliet, in person, and not upon any written or verbal order, nor upon any assignment or transfer by the said Juliet," and it was held that the net income was not liable to garnishment in the hands of the trustee for debts of the beneficiary, Juliet. The decision was placed upon the sole ground that by the terms of the devise it appeared the testator intended to place it beyond the control of his daughter or her creditors while in the hands of the trustees. It is fairly inferable, from what is there said, that but for such manifest intention on the part of the testator the fund would have been the subject of garnishment.

But it will not be necessary to pursue this inquiry further. It may be that, upon a full answer in garnishment, involving all the facts and a construction of the will of Solomon Harkey, such an action cannot be maintained, but on the facts here alleged, which are admitted by the demurrer, we see no reason for so holding. Aside from that question, appellants' claim being purely a legal one, they cannot reach Mrs. Judson's property through a court of equity without first obtaining a judgment against her in a court where she may avail herself of a jury trial and all legal defenses which she may have to such claim, and if it be true that no such judgment can be obtained, then, however great the hardship, they must forego the satisfaction of their debt out of the property sought to be reached by this bill.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS, dissenting:

Where, under a will, lands are devised to an executor to sell and convert the same into money and divide the sum received therefrom among certain devisees, it is a devise of money and not of land. Land so devised to the testator with power of sale cannot be sold on execu-

tion issued on a judgment against one of the devisees who is to receive a portion of the proceeds thereof. (*Baker* v. *Copenbarger*, 15 Ill. 103.) The devisee has no interest in the land which can be sold under execution, nor can he sell and convey the same so as to effect an absolute conveyance thereof. While all the devisees may elect to take land instead of money, that election can only be made by all the devisees acting in concert, and cannot be made by one or more less than all. Lands in such case devised to an executor, not being liable to sale on execution, are for the same reason not liable to be sold on attachment. The legal title to the land is held in trust by the executor for the purpose specified in the will, to be sold and the proceeds distributed according to the directions of the will, and the title held by the executor being strictly in trust, with power of sale, is as free from any right or claim of the devisee as if he was to have no interest in the proceeds. The devise, in such case, is a devise of money and not of land, and the devise to the devisee here was not land but money, and her only claim of interest was in that money, and in that she has no interest until the land is sold by the executor. (*Baker* v. *Copenbarger, supra.*) The principles announced in this case have been frequently recognized and followed by this court. *Jennings* v. *Smith*, 29 Ill. 116; *Rankin* v. *Rankin*, 36 id. 293; *Ridgeway* v. *Underwood*, 67 id. 419; *Germain* v. *Baltes*, 113 id. 29; *Haward* v. *Peavey*, 128 id. 430; *In re Corrington*, 124 id. 363; *Ebey* v. *Adams*, 135 id. 80; *Strode* v. *McCormick*, 158 id. 142.

In the absence of special statutes it is a well recognized rule of law that an executor or administrator can not, in his official capacity, be held liable as garnishee at suit of a creditor of a decedent, or of one who is a legatee or distributee or creditor of an estate. The executor derives his authority under the will from the law, and must execute it according to the directions of the will, and in pursuance of rules of law. If executors and administrators were liable to a process of garnishment, the

operation and effect of the law with reference to the administration of estates would be substantially destroyed, and the settlement of estates be delayed, disarranged and rendered complex and involved. No garnishment can be had against an executor or administrator of a distributive share of a devisee to an estate until the court has decreed a distribution of the proceeds in the hands of the administrator. (*Barnes* v. *Treat,* 7 Mass. 271; *Brooks* v. *Cook,* 8 id. 247; *Thorn* v. *Woodruff,* 5 Ark. 55; *Stout* v. *La-Follette,* 64 Ind. 365; *Colby* v. *Coates,* 6 Cush. 558; *J. I. Case T. M. Co.* v. *Miracle,* 54 Wis. 295; *Thayer* v. *Tyler,* 5 Allen, 94; *Welch* v. *Gurley,* 2 Hayw. (N. C.) 334; *Young* v. *Young,* 2 Hill, (S. C.) 425; *Curling* v. *Hyde,* 10 Mo. 374; *Winchell* v. *Allen,* 1 Conn. 385; *Lyons* v. *Houston,* 2 Harr. (Del.) 349; *Waite* v. *Osborne,* 11 Me. 185; *Wilder* v. *Bailey,* 3 Mass. 289; *Marvin* v. *Hawley,* 9 Mo. 382; *Hill* v. *LaCrosse & M. R. R. Co.* 14 Wis. 291; *Dawson* v. *Holcomb,* 1 Ohio, 275; *Norton* v. *Clark,* 18 Nev. 247; *Millison* v. *Fisk,* 43 Ill. 112.) Whenever the devisees may maintain an action at law against the executor or administrator to recover the legacy or distributive share of the estate, then, and not till then, can such executor or administrator be garnisheed by any creditor. (*Cutter* v. *Perkins,* 47 Me. 557; *Post* v. *Love,* 19 Fla. 634; *Piper* v. *Piper,* 2 N. H. 439.) To allow a distributive share in the estate to be secured by garnishment before that share is ascertained and determined, would, in cases where debts have not been paid, lead to absolute uncertainty and injustice, as it cannot be determined whether there will be a surplus in the hands of the executor or administrator on final settlement, and hence the rule of law is, that until the distributive shares are ascertained they cannot be secured by garnishment. *Richardson* v. *Lester,* 83 Ill. 55; *Richards* v. *Griggs,* 16 Mo. 416; *Norton* v. *Clark, supra; Hoyt* v. *Christie,* 51 Vt. 48; *Harrington* v. *LaRocque,* 13 Ore. 344; *Nerac's Estate,* 35 Cal. 392.

In a case where the testator dies and by his will devises land to an executor in this State with power of sale,

and that executor is directed to sell and dispose of the lands and convert the same into money and distribute the same among certain devisees, and some of those devisees are non-residents of the State of Illinois or have absconded from the State, and have no property in this State except the equitable interests under the will of the testator, there is no method known to the law by which a judgment at law could be recovered. There could be neither attachment nor garnishment of the interest of a devisee. The statute has provided no means by which the interest could be reached by proceedings *in rem,* only by garnishment. No service could be had on the devisee in such case, so that a judgment at law could be recovered. An absconded or non-resident debtor having such equitable interests in property in this State cannot escape a liability for a *bona fide* debt because the law has provided no means by which a judgment at law may be recovered. The creditor may resort to a court of equity, establish his debt and have satisfaction out of the equitable interest of such absconded or non-resident debtor. It was held in *Getzler* v. *Saroni*, 18 Ill. 511 (on p. 518): "And if the property be not subject to attachment at law, being an equitable interest only, and personal service cannot be obtained on his debtor, so that he is without remedy at law for the establishment of his debt, he may in the first instance go into equity, establish his debt and have satisfaction out of the equitable interest." To the same effect is *Russell* v. *Clark*, 7 Cranch, 87. In *Steere* v. *Hoagland*, 39 Ill. 264, it was held that where a fund cannot be reached at law, and is only accessible in a court of chancery, then creditors may resort to equity in the first instance; and if the claim is to be satisfied out of the fund which is accessible only by the aid of a court of chancery, application may be made in the first instance to that court, which will not require that the claim should be first established in a court of law.

To the general rule that there must be judgment and
return of execution unsatisfied before resort can be had
to a court of equity, there are and have always been ex-
ceptions in special cases such as this, where a judgment
cannot be obtained because the debtor has absconded or
removed from the State or is a non-resident.   As fully
sustaining this doctrine we cite *Scott* v. *McMillen*, 1 Litt.
302; *Anderson* v. *Bradford*, 5 J. J. Marsh. 69; *Kipper* v. *Glan-
cey*, 2 Blackf. 356; *Pendleton* v. *Perkins*, 49 Mo. 595; *Pea* v.
*Morrison's Exrs.* 10 Gratt. 149; *Earle* v. *Grove*, 92 Mich. 285.
In the latter case it was held: "The complainants claim
that while the general rule in all the States, statute or
no statute, is, that there must be judgment and a return
of execution unsatisfied before a resort can be had to
equity, still, that there are, and always have been, ex-
ceptions to this general rule in special cases, as where a
judgment cannot be obtained because the debtor is dead,
or has absconded or removed from the State, or is a non-
resident.   *   *   *   Here the amended bill avers a judg-
ment regularly obtained upon personal service in New
York, and the exhaustion of legal remedies in that State;
that Kendall is insolvent and a non-resident of this State;
that the fund sought to be reached to satisfy the debt is
here within the jurisdiction of the court, where the bill
has been filed, and that there is no way, in law, in which
to reach such fund.   This would be sufficient to maintain
the suit if we had no statute, and the statute does not
forbid it."   The right to relief by a bill in equity without
judgment at law, when the debtor has absconded and
there is no remedy except in equity, is recognized in
*Greenway* v. *Thomas*, 14 Ill. 271.   To the same effect is *Pope*
v. *Solomon*, 36 Ga. 541.

In *McCartney* v. *Bostwick*, 32 N. Y. 62, it was held with
reference to resort to a court of equity without judgment
at law: "The rule, of course, presupposes that they have
a legal remedy; but so far as the courts of this State are
concerned they have none.   The facts stated by the com-

plainants show that no remedy whatever at law exists in their favor in this State; that no court of law of this State has jurisdiction to entertain a suit to be brought by them against the debtor, either upon a judgment or the original indebtedness, and that it is therefore impossible for them to recover judgment in this State and have their execution returned. Does equity demand that the legal remedy shall be exhausted where none exists, before it will enforce a trust created by statute, of which it alone has jurisdiction?"

In this case there is no possible manner in which a judgment may be recovered at law, and no satisfaction can be had by garnishment. A non-resident debtor having large equitable interests as a devisee of an estate cannot be reached in the proceedings at law, and recourse may be had to equity as the only jurisdiction that can protect the interests of the court and make the property liable for the debts of this devisee. The remedy in equity is full and complete, and it was error to sustain the demurrer to the bill, as it was also error in the Appellate Court to affirm the same.

Because the right of garnishment did not exist as against administrators and executors, the legislature, by an act entitled "An act in relation to the garnishment of administrators," approved June 11, 1897, in force July 1, 1897, (Laws of 1897, p. 231,) endeavored to remedy the difficulties arising from the want of power of a creditor to garnishee such administrators and executors with respect to land, money, goods, etc., belonging to any heir or distributee of an estate, but providing no final judgment should be rendered against such administrator or executor until after an order of distribution had been made. This statute, however, was enacted long after the commencement of this suit and can have no effect on the questions presented on this record, hence I cannot concur in this opinion.