### John A. Whiteford v. Etta E. Hootman.

1. Statutes—*Section 1 of Chapter 77, R. S., Applies Only to Judgments of Courts of Record.*—Section 1 of chapter 77, entitled "Judgments, Decrees and Executions," applies only to judgments of courts of record.

2. JUDGMENT DEBTOR—*Both Equitable and Legal Interest May Be Taken and Sold.*—Under the present statute both the equitable and legal interest of a judgment debtor in lands and tenements may be taken and sold under execution or other legal process.

Bill in Chancery.—Appeal from the Circuit Court of Mason County; the Hon. THOMAS N. MEHAN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

W. B. COONEY, attorney for appellant.

CHARLES A. KIMMEL, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a bill in chancery, filed in the Circuit Court of Mason County, August 20, 1900, by four of the children of Louis Waldmeier, senior, deceased, against the other two of his children, one of whom was named Etta E. Hootman and the other was a minor. Certain other persons were also made defendants to the bill under an allegation that they claimed some interest in the subject-matter of the bill as judgment or mortgage creditors, respectively, of said Etta E. Hootman, but that such claims were merely colorable and should be removed by the court as clouds upon the title or interest of said children in the land described in the bill. Among the judgment creditors who were included as defendants in the bill, was one John A. Whiteford.

The bill alleges (among other things not material to the decision of the matters involved in the appeal) that Louis Waldmeier senior, the father of the six children, died testate, November 2, 1895, and was then and before, the owner and possessor in fee of a quarter section of land in Mason County, Illinois, (describing it,) which by his will, he gave to his wife during her life, and at her death the will provided that the land should be sold and the proceeds arising therefrom divided among his children, but named no one to make the sale and division; that the wife of the testator survived him, and thereafter, on July 24, 1900, died; that by reason of no one being authorized by the will to sell the land and divide the proceeds, the minority of one of said children, and the pretended claims of said persons to have

an interest in said land as judgment or mortgage creditors of said Etta E. Hootman, said children are unable to sell said land for its full value, and each get his or her share of the proceeds thereof, without the aid of a court of equity; and the prayer is that the court require the defendants to answer the bill, and upon a hearing, enter a decree removing each of the claims made by the pretended judgment and mortgage creditors upon the land, as clouds upon the title of the children to the same or to the proceeds thereof, appointing a trustee, and directing him to sell the land and distribute the proceeds thereof (less the costs, etc.) to the six children, and granting relief generally.

John A. Whiteford answered the bill November 7, 1900, setting up that as assignor of George W. Bugg, he owned a judgment which Bugg had recovered against Etta E. Hootman July 17, 1895, before a justice of the peace of Peoria County, Illinois, for $100 and costs; that proper executions had been issued upon that judgment, and returned, no property found, and a proper transcript of the judgment, execution and return had been filed with the clerk of the Circuit Court of Peoria County, Illinois, and with the clerk of the Circuit Court of Mason County, Illinois, and an execution issued thereon by the latter clerk, so that he, as such assignee, had acquired a valid lien upon the share or interest of Etta E. Hootman in the land or the proceeds thereof; and prayed that the court should decree that he be paid said judgment, interest and costs, from the share of Etta E. Hootman in the proceeds arising from a sale of the land.

There being no question in the trial court but that the children were entitled, under the will of their father and the death of his wife, to have the land sold as set forth in the bill, the court entered a decree appointing a trustee and directing him to sell the land free of all claims of the parties to the bill and bring the money into the court for its further order, and reserving for proof and further determination (among other things not material to the decision of the matters involved in this appeal) the claim set up in

the answer of John A. Whiteford, referring the cause to the master to take proof for and against the claim, and for his conclusions of law and fact thereon.

It was then stipulated between counsel representing John A. Whiteford and Etta E. Hootman, respectively, that the filing of a cross-bill by Whiteford was waived, and he should be entitled to make the same proof and obtain the same relief upon his answer as if he had filed a cross-bill.

The master took proofs for and against the claim and reported them to the court, together with his conclusion that Whiteford was entitled to have $146.65 paid upon his claim from the share of Etta E. Hootman in the proceeds of the sale of the land. Etta E. Hootman filed exceptions to the conclusion contained in the master's report which he had overruled, and she renewed them before the court, where they were sustained, and a decree entered disallowing the claim, and ordering the proceeds in question distributed to the children free from such claim; from which decree the claimant, John A. Whiteford, prosecutes an appeal to this court and insists that it should be reversed on the ground that the court erred in sustaining exceptions to the master's conclusion to allow the claim; in disallowing the claim, and ordering the proceeds distributed free from such claim.

The proof taken upon the claim shows that one George W. Bugg obtained a judgment against Etta E. Hootman for $100 and costs, before a justice of the peace of Peoria county, Illinois, on July 17, 1895, upon which, the day it was obtained, the justice issued an execution which was returned by a constable of that county on September 20, 1895, indorsed "No property found." On December 4, 1896, George W. Bugg, for a valuable consideration expressed, assigned said judgment in writing to John A. Whiteford, who caused a properly certified transcript of the judgment, execution and return to be filed May 1, 1897, with the clerk of the Circuit Court of Peoria County, Illinois, who properly entered it upon the docket of his court, and afterward, on August 15, 1900, a copy of said transcript,

together with the certificate of said clerk attached thereto, stating that it was a copy, and giving the date it was so filed and docketed, together with a certificate of the clerk of the County Court of said Peoria County that the person rendering the judgment was a justice of the peace of Peoria county, were filed with the clerk of the Circuit Court of Mason County, Illinois, who on the same day issued an execution thereon to the sheriff of that county, who received it August 16, 1900, and in November returned it indorsed " No property found in my county to make judgment or costs, or any part thereof; by order of plaintiff's attorney."

Counsel for the appellant contends that under the facts established by the proofs, he had a lien upon the interest of Etta E. Hootman in the land or the proceeds thereof, for the judgment, interest and costs; but in that view we are unable to concur, for the reason that the land being in Mason county, the filing of the transcript of the justice's judgment, the execution and the return did not make the judgment a lien upon it. Nor did the filing of the certified copy of such transcript with the clerk of the Circuit Court of Mason County, make the judgment a lien upon the land or authorize the execution to be issued by the clerk of the Circuit Court of Mason County, for the reason that there is no statute making provision therefor and giving the lien.

It is insisted, however, that section 1 of chapter 77, entitled " Judgments, Decrees and Executions," gives such lien under the above facts; but that section applies only to judgments of courts of record, and is as follows:

" A judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived for the period of seven years, and no longer: Provided, that there shall be no priority of the lien of one judgment over that of another rendered at the same term of court, or on the same day in vacation; and upon the filing in the office of the clerk of any court of record in any county in this state, of a transcript of a judgment or decree rendered in any other county of this state, such judgment shall have the like force and effect, and shall be a lien upon the real estate of the party

against whom the same is obtained in said county where filed, and execution may issue thereon in said county, in like manner as in the county where originally obtained. When execution is not issued on a judgment within one year from the time the same becomes a lien, it shall thereafter cease to be a lien; but execution may issue upon such judgment at any time within said seven years, and shall become a lien on such real estate from the time it shall be delivered to the sheriff or other proper officer to be executed."

Had the appellant caused the clerk of the Circuit Court of Peoria County to issue an execution to the sheriff of Mason county upon the judgment of the justice of the peace after the transcript thereof had been filed with him, and caused such execution to be levied by that sheriff upon the interest of Etta E. Hootman in the land in question as provided by section 34 of chapter 77, and a certificate thereof made and filed as provided by section 35 Ib., then such execution, levy and certificate would have given him a lien upon her interest in the land, whether legal or equitable (Ladd v. Judson, 174 Ill. 344; Secs. 3 and 4, chapter 77, Ib.), and would have authorized the sheriff to sell same.

The appellant contends further that the only interest or claim which Etta E. Hootman had in or to the land as shown by the bill and evidence, was to have the land sold and her share of its proceeds paid to her, which interest or claim would not be taken under execution or other legal process, and she being without other property except such interest or claim in this land or its proceeds, gives him the right to enforce payment of his judgment out of her share of the proceeds in this equitable proceeding in which he and she are both parties, and she having waived a cross-bill.

That contention is without force, for the reason that under the present statute both the equitable and legal interest of a judgment debtor in lands and tenements may be taken and sold under execution or other legal process, and the contrary holdings in Baker v. Copenbarger, 15 Ill. 103, West v. Schnebly, 54 Id. 523, and Farrar v. Payne, 73 Id. 82, decided under the statute as it existed when those decis-

ions were made, do not now apply. Ladd v. Judson, 174 Ill. 344.

It therefore follows that the learned chancellor who rendered the decree in this case did not commit the errors alleged, and his decree will be affirmed.