## Arthur R. Clark, Appellant, v. G. A. Ball-Bearing Manufacturing Company et al., Appellees.

### Gen. No. 31,636.

1. EQUITY—*necessity of exhausting legal remedy.* Equity will not interfere to enforce a legal claim unless there is a judgment at law and an execution issued and returned unsatisfied.

2. FRAUDULENT CONVEYANCES—*creditors who can attack.* Only creditors having claims when a fraudulent conveyance is alleged to have been made can ask that it be set aside.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed. Opinion filed October 10, 1927.

ALEXANDER H. MARSHALL, for appellant; FRANK G. MARSHALL, of counsel.

ALDEN, LATHAM & YOUNG, for appellees; K. V. MAC-FARLAND, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from the order of the chancellor of the circuit court dismissing complainant's amended bill for want of equity after sustaining a demurrer thereto. The appeal was first taken to the Supreme Court, which held there was no freehold involved and transferred the cause to this court. 323 Ill. 579.

Complainant's amended bill alleged that in 1921 he sold certain property to the G. A. Ball-Bearing Manufacturing Company and Emil A. Schreiber, and also contracted to and did erect a building on this property, and that defendants were indebted to him because of these transactions; that part of his claim has been paid, leaving a balance due. In 1917, which was four years before complainant had the above transactions, Emil

A. Schreiber owned another and different lot, upon which he erected a two-apartment building. Complainant was not in any way connected with that transaction. In 1918 Schreiber and his wife conveyed this property to Schreiber's mother, which conveyance was duly recorded some two years before complainant had the transactions with defendants in 1921. Complainant filed his bill in 1924.

The bill does not allege that complainant has any judgment on account of his claim against the Ball-Bearing Manufacturing Company and Emil A. Schreiber; he is merely a contract creditor. He alleges fraud in the conveyance of Schreiber and his wife to Schreiber's mother and asks that they be declared fraudulent and void, the property thereby conveyed sold, an accounting had of the sums due to complainant arising out of the transactions of 1921, that a receiver be appointed and all rents and profits therefrom be held by the receiver to abide the order of the chancellor.

Defendants asserted by their demurrer that complainant was not a judgment creditor of the Ball-Bearing Manufacturing Company or of Schreiber, and that no judgment had been rendered or execution issued and returned; further, that complainant had no lien of any kind or character upon the property described in the amended bill of complaint; that he was not a creditor of the Ball-Bearing Manufacturing Company or of Schreiber at the time of the conveyance of the land and premises described in the amended bill; and that said bill did not set forth a cause of action in equity. This demurrer was sustained and the amended bill dismissed.

It is the established rule that a mere creditor cannot come into a court of equity to enforce his legal demand. Chancery will not interfere until the plaintiff has obtained his judgment. In order to show that there is no adequate remedy at law, it must appear that there is a judgment at law, execution issued and re-

turned unsatisfied. A claim which is clearly legal should be tried at law before a jury. To enforce the claim in chancery would deprive the debtor of a jury trial, to which, by the rules of common law, he is entitled. Cahill's St. 1925, ch. 22, ¶ 49; *Detroit, Copper & Brass Rolling Mills v. Ledwidge*, 162 Ill. 305; *Austin v. Bruner*, 169 Ill. 178; *Ladd v. Judson*, 174 Ill. 344; *Hart v. Oliver*, 296 Ill. 209; *McKey v. McCoid*, 298 Ill. 566; *Press & Co. v. Fahy*, 313 Ill. 262.

Complainant insists that there is a class of cases in which a creditor may maintain a bill in chancery for the satisfaction of his debt where he seeks to reach property or funds accessible only by the aid of a court of chancery, and that in such cases a judgment is not necessary. *Miller v. Davidson*, 8 Ill. 518; *Moore v. Wood*, 100 Ill. 451; *Rice Co. v. McJohn*, 244 Ill. 264. In such cases the debt had an equitable element, where a court of equity will adjudicate it, or there is property upon which a trust is imposed. These facts are not in the instant case. Here is simply an ordinary claim on a contract arising out of a transaction quite apart from the conveyances of the real estate which are sought to be set aside, and which claim arose several years after said conveyances had been made. There is no connection, equitable or otherwise between the two matters.

Furthermore, complainant was not a creditor of the Ball-Bearing Manufacturing Company or of Schreiber at the time of the alleged fraudulent conveyances. It has been held only creditors having claims when the fraud is committed can avoid such conveyances. *Chicago Daily News Co. v. Siegel*, 212 Ill. 617; *Bittinger v. Kasten*, 111 Ill. 260; *German-American Nat. Bank of Lincoln v. Martin*, 277 Ill. 629.

We are in accord with what was said by Mr. Justice Mulkey in *Shufeldt v. Boehm*, 96 Ill. 560, at p. 564:

"By taking his (the debtor's) property out of his hands before the claim is due, or before its justice has

been established by a judgment, in many cases would
be to deprive him of the means of payment, and even
of the means of defending himself against a vexatious
and oppressive suit. In other cases, to prevent ruin to
his business pending such litigation, he would be forced
into unconscionable compromises involving losses he
would be unable to bear. Moreover, such a rule as that
contended for would be a constant temptation to self-
ish and avaricious creditors to endeavor, by the in-
stitution of such suits, to obtain an unjust advantage
over other creditors, and, by reason thereof, litigation
would be greatly increased, to the detriment of business
generally, and to the ruin of many honest, struggling
debtors. Every consideration, therefore, of public
policy demands a strict adherence to the rule which
forbids the institution of such suits.''

The ruling of the chancellor upon the demurrer was
proper and the judgment dismissing the amended bill
for want of equity was right and is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.